## BRADFORD *versus* FULLER.

The proof, mentioned in the statute of 1846, chap. 192, which entitles a defendant to cost, in cases of usury, may be that of his own affidavit alone, when not controlled by the oath of the creditor.

EXCEPTIONS from the District Court, COLE, J.

ASSUMPSIT by the payee upon a promissory note.

The defendant by brief statement, verified on his oath, pleaded, that in the note certain specified sums of usurious interest were included, and consented to be defaulted for the residue, which was accordingly done. The Judge ruled, that costs should be allowed the defendant, and that no costs should be allowed to the plaintiff, who thereupon filed exceptions.

*Clifford* and *G. F. Shepley*, for the plaintiff.

1. The defendant having been defaulted, the plaintiff is the prevailing party, and, as such, is entitled to cost. R. S. chap. 115, sect. 56.

2. The seventh section of chap. 69, allowed the defendant to recover cost, when *by means of his own oath*, the damages were reduced. That section was expressly repealed by the Act of 1846, chap. 192. *Wing* v. *Dunn*, 24 Maine, 128; *Cummings* v. *Blake*, 29 Maine, 105.

The term, "proof," in this statute means such testimony only as is admissible in ordinary suits at law, and does not include the party's own oath. In this case no such testimony was presented. The damages may indeed be reduced by the oath of the party. When they are reduced by *such an oath* merely, and not by *disinterested testimony*, the plaintiff's right to cost, as the prevailing party, is not taken away.

Our statutes do not, in such cases, make either party a

witness. They merely require the defendant to verify his plea, in order to entitle it to be considered. Neither party is sworn as a witness. The credibility of neither could be impeached by testimony as to character. Thus our law differs from that of Massachusetts, where both parties were made witnesses. *Little* v. *Rogers*, 1 Metc. 110.

*Ludden,* for the defendant.

WELLS, J. — The Act of July 22, 1846, ch. 192, provides " that in any suit brought, where more than legal interest shall be reserved or taken, the party so reserving and taking shall recover no costs, but shall pay costs to the defendant, provided the damage shall be reduced by proof of such usurious interest, and the provision for costs contained in the seventh section of the sixty-ninth chapter of the Revised Statutes is hereby repealed."

It is contended on the part of the plaintiff, that the damages having been reduced by the oath of the defendant, the plaintiff should recover his costs. But by the Revised Statutes, ch. 69, § 3, the defendant is permitted to be a witness in his own case, so far as to testify to the unlawful interest. When by his testimony, the fact of usury is established, then the proof of it exists, as much so as if it were shown by the testimony of a disinterested witness in the ordinary course of a judicial trial.

The order of the Judge of the District Court, that the plaintiff should not recover costs, but should pay them to the defendant, was correct, and the exceptions must be overruled.

*Exceptions overruled.*